# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAVID and DONNA SCHELL, HOWARD** )
**PICKENS, and RON OLIVER, individually** )
**and as representative parties on behalf of a** )
**class of surface owners,** )
)
        **Plaintiffs,** )
)
**v.** )   Case No. 07-1258-JTM
)
**OXY USA INC.,** )
)
        **Defendant,** )
)
                                       )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' "amended motion regarding class notice" (Doc. 56) and defendant's motion for oral argument (Doc. 62).[1] The court's rulings are set forth below.

## Motion for Oral Argument

The court concluded that oral argument concerning the issue of class notice would be beneficial; accordingly, defendant's motion for oral argument **(Doc. 62)** was **GRANTED** and arguments were heard on February 11, 2010. Rex Sharp and Lee Thompson appeared on

---

[1] Plaintiffs' original motion "regarding class notice" (Doc. 55) is superceded by the amended motion (Doc. 56). Accordingly, **(Doc. 55)** is **MOOT.**

behalf of the plaintiffs. Lisa Silvestri and Stanford Smith appeared on defendant's behalf.[2]

**Amended Motion Regarding Class Notice**

The Honorable J. Thomas Marten certified a class in this case pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and defined the class as "all surface owners of Kansas land burdened by oil and gas leases held or operated by OXY USA, Inc. which contain a free gas clause." (Memorandum and Order, Doc. 54). Because the class was certified under Rule 23(b)(3):

> the court must direct to class members the best notice that is ***practicable under the circumstances***, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(emphasis added). Plaintiffs move for an order approving (1) the

---

[2] The hearing was conducted by telephone and was not recorded.

-2-

content of the notice and (2) the method of notice to class member.[3]

**1. Content of the Notice**

The parties submitted an agreed upon "Notice of Certification of Class Action Against Defendant OXY USA INC." (Doc. 65). The court has reviewed the proposed notice and finds that it clearly and concisely provides the information required by subparts (i) through (vii), Rule 23(c)(2)(B). Accordingly, the content of the notice (Doc. 65) is approved.

**2. Method of Notice to Class Members**

Plaintiffs propose the following methods of providing notice to the class members. First, notice would be mailed to 312 individuals listed in defendant's records as users of free house gas.[4] Second, notice would be mailed to <u>all</u> royalty owners.[5] Third, defendant should produce its "list" or records reflecting the names of surface owners for direct mailing of the notice. Fourth, defendants should produce in electronic format a list of Kansas wells and their property descriptions so that plaintiffs can create a website for class members. Finally,

---

[3] Judge Marten referred the motion concerning class notice to the undersigned judge for a ruling.

[4] The list of 312 "users" includes both tenants and surface owners.

[5] Plaintiffs recognize that an unknown number of royalty owners have no interest in the surface rights and are not class members. However, plaintiffs believe that some royalty owners may have surface rights or know the individual who currently owns surface rights.

recognizing that the above approaches are unlikely to identify all class members, plaintiffs propose notice by publication.

Defendant agrees that direct mailing of the notice to the 312 users of house gas is appropriate but objects to the remainder of plaintiffs' notice proposals. Specifically, defendant argues that sending class notice to <u>all</u> royalty owners is overly broad because royalty rights have frequently been separated from surface rights. For example, defendant cites a couple in Morton County, Kansas who currently use house gas but do not own any royalty. The royalties associated with the property are owned by fifteen people, six who live in Kansas and nine who live in Arizona, Colorado, Louisiana, Minnesota, Texas, or Wyoming.[6] As illustrated by defendant's example, the sending of class notice to <u>all</u> royalty owners is overly broad and likely to lead to confusion. Under the circumstances, the court rejects plaintiffs' proposal to send the class notice to all royalty owners.

Defendant also asserts that it does not have a comprehensive list of surface owners to provide to plaintiffs. Because defendant has no comprehensive list, an order to provide such a list would be futile. However, defendant does acknowledge possession of "a list of approximately 300 irrigation gas users."[7] Defendant shall provide this list to plaintiffs and

---

[6] None of the Kansas royalty owners live in Morton County.

[7] Defendant's reference to "approximately 300 irrigation gas users" is separate and in addition to the "easily identifiable 312 house gas users" listed on page 2 of defendant's response brief.

-4-

plaintiffs shall provide notice by direct mail to these individuals.[8]

Plaintiffs' fourth proposal concerning the creation of a website for purposes of class notice is rejected. Although a website may, at some point, be a useful tool in providing case information to class members, plaintiffs fail to explain how ***class members***, in the first instance, are contacted and directed to the website. Plaintiffs' website proposal is simply inadequate.

Defendant also asserts a broad challenge to plaintiffs' proposed mailings and notice by publication and argues that plaintiffs should be required to engage in a title search of each property and mail notice to each identified surface owner. However, defendant's argument is not persuasive. As noted above, plaintiffs are obligated to provide class members with "the best notice ***practicable under the circumstances***." Conducting title searches on over 2,000 leases located in various counties is not "practicable."[9]

In summary, the court orders plaintiff to provide direct mail notice to the "312

---

[8] Defendant argues that its records do not reveal whether these users are tenants or land owners. Although notice to this group may include some individuals who are not surface owners and therefore class members, there is little danger of significant confusion. First, the group of 300 is much smaller than the list of royalty owners (exceeding 4,000). Equally important, a person farming the land and using gas for irrigation purposes is either a surface owner or a tenant. A tenant irrigating farmland would certainly know the name of the surface owner (landlord) and could quickly clarify any issues concerning the class notice with his or her landlord.

[9] In response to a direct question from the court during the February 11 conference, defendant "couldn't say" how many counties were involved. In addition, a title search would merely provide the names of the landowners. The current addresses of the landowners would have to be secured and confirmed through some other source.

household gas users" and "approximately 300 irrigation gas users." In addition, plaintiffs shall provide notice by publication in the following newspapers:

> Liberal – Southwest Daily Times
>
> Hutchinson – Hutchinson News
>
> Garden City – Garden City Telegram
>
> Hays – Hays Daily News
>
> Norton – Norton Daily Telegram
>
> Goodland – Goodland Daily News
>
> Great Bend – Great Bend Tribune
>
> Wichita – Wichita Eagle

The above methods of notice are the best "practicable under the circumstances" and satisfy Rule 23(c)(2)(B).

**IT IS THEREFORE ORDERED** that plaintiffs' amended motion for class certification **(Doc. 56)** is **GRANTED IN PART.** Plaintiffs shall submit a revised "Order Regarding Notice of Class Action" consistent with this opinion by February 26, 2010. Plaintiffs' motion **(Doc. 55)** is **MOOT.** Defendant's motion for oral argument **(Doc. 62)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of February 2010.

                                                  S/ Karen M. Humphreys
                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge