IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL,
HOWARD PICKENS, AND
RON OLIVER, INDIVIDUALLY,
AND AS REPRESENTATIVE PARTIES
ON BEHALF OF A CLASS OF SURFACE
OWNERS,

        Plaintiffs,

        v.        Case No. 07-1258-JTM

OXY USA INC.,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant, OXY USA, Inc.'s, ("OXY") Objection to Magistrate's Order on plaintiff's Amended Motion Regarding Class Notice. (Dkt. No. 72).

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." *Id.; see also Burton v. R.J. Reynolds Tobacco Co.,* 177 F.R.D. 491, 494 (D.Kan.1997). The court is required to affirm the magistrate's order unless the entirety of the evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *see Smith v. MCI*

*Telecomm. Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

This court certified a class in this case pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3) and defined the class as "all surface owners of Kansas land burdened by oil and gas leases held or operated by OXY USA, Inc., which contain a free gas clause." (Dkt. No. 54 at 12). The court referred the motion concerning class notice to the magistrate judge on November 23, 2009. Judge Humphreys allowed oral argument on the motion concerning class notice on February 11, 2010, and issued her order on February 18, 2010. (Dkt. No. 71). The defendant filed its objection on March 4, 2010. (Dkt. No. 72).

Judge Humphreys held that direct mail notice to the 312 household gas users and approximately 300 irrigation gas users satisfied the Rule 23(c)(2)(B) requirement of individual notice to all members who can be identified through reasonable effort. (Dkt. No. 71 at 5-6). The plaintiffs also were ordered to provide notice by publication in eight newspapers. (*Id.* at 6). In her order, Judge Humphreys noted:

> Defendant also asserts a broad challenge to plaintiffs' proposed mailings and notice by publication and argues that plaintiffs should be required to engage in a title search of each property and mail notice to each identified surface owner. However, defendant's argument is not persuasive. As noted above, plaintiffs are obligated to provide class members with 'the best notice **practicable under the circumstances**.' Conducting title searches on over 2,000 leases located in various counties is not 'practicable.'

(Dkt. No. 71 at 5)(emphasis in original).

OXY maintains that Judge Humphreys's order is contrary to law and clearly erroneous since it permits plaintiffs to avoid their obligation to comply with Rule 23(c)(2)(B). (Dkt. No.72 at 5). Judge Humphreys found unpersuasive OXY's argument that the plaintiffs should be required to

2

engage in a title search of each property to comply with the notice provisions. (Dkt. No. 71 at 5). This court agrees with Judge Humphreys. OXY indicated it did not have a comprehensive list of surface owners to provide to plaintiffs. (*Id.* at 4). It is worth noting that when Judge Humphreys asked OXY how many counties were involved in which the plaintiffs would have to engage in a title search, its response was "[it] couldn't say". (Dkt. No. 71 at 5).

The court concludes that OXY failed to meet its burden. The court has reviewed Judge Humphreys's findings; they are neither clearly erroneous nor contrary to the law. As the court is not left with a definite and firm conviction that a mistake has been committed, OXY's objection to Judge Humphreys's order is overruled.

IT IS ACCORDINGLY ORDERED this 11th day of August, 2010, that the defendant's Objection to Magistrate Judge's Order on plaintiffs' amended motion regarding class notice (Dkt. No. 72) is overruled.

    s/ J. Thomas Marten  
    J. THOMAS MARTEN, JUDGE