# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID and DONNA SCHELL, HOWARD )
PICKENS, and RON OLIVER, individually )
and as representative parties on behalf of a )
class of surface owners, )
)
                Plaintiffs, )
)
v. )    Case No. 07-1258-JTM
)
OXY USA INC., )
)
                Defendant, )
)
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend their complaint (Doc. 76). The motion shall be GRANTED IN PART for the reasons set forth below.

## Background

Highly summarized, this is an action on behalf of a class of "surface owners" of land encumbered by oil and gas leases owned by defendant. Plaintiffs allege that the leases provide for free gas to the surface owners and that defendant engaged in conduct that threatens plaintiffs' continued use of natural gas. They contend that defendant's conduct constitutes a breach of contract and request injunctive and declaratory relief.

**Motion to Amend**

Plaintiffs move to amend their complaint to withdraw their claim for lease forfeiture and to remove Mr. Pickens as a named plaintiff.[1]  Defendant has no objection to these two proposals and the amendments shall be granted without further comment.

Plaintiffs also seek leave to request damages for the "incurred costs of alternative energy sources."  Defendant opposes this amendment, arguing that plaintiffs repeatedly represented to the court that they were not seeking monetary damages; therefore, plaintiffs' amendment concerning damages should be denied.  Specifically, defendant alleges that plaintiffs represented that they were <u>not</u> seeking money damages during a class certification hearing before Judge Marten.  Defendant also contends that plaintiffs represented to the Tenth Circuit during an interlocutory appeal that their action was limited to injunctive and declaratory relief.

Plaintiffs counter with a confusing argument that the amendment should be allowed because the weather is going to turn cold and "one cannot predict how these circumstances will play out in the coming cold weather months." <u>Reply</u>, Doc. 79, p. 1.  Moreover, plaintiffs assert that class members "remain uncertain and apprehensive about whether they will have house gas this winter." <u>Id.</u> at p. 2.  Therefore, plaintiffs seek to "retain their prospective damage claim in the proposed First Amended Petition." <u>Id.</u>

Although not characterized as such, defendant is essentially objecting to the

---

[1] Mr. Pickens has apparently died.

amendment based on estoppel. However, the limited record presented to the court is not as conclusive as suggested by defendant. With respect to the class certification hearing, Judge Marten expressed concern about a statute of limitations defense raised by defendant. Plaintiffs countered:

> If we were asking for damages, maybe. ***If we were backwards looking, saying we want a bunch of money for what you did in 2002 or 2001***, then we might have a statute of limitations issue. We don't believe we have one with a declaratory judgment or injunctive relief-type case.

(Emphasis added). The essence of plaintiffs' argument to Judge Marten was that there was no statute of limitations issue because plaintiffs were not seeking monetary damages for events that happened ***seven or eight years earlier***. The limited quotations in defendant's brief do not show that plaintiffs waived any and all claims for monetary damages for ***future conduct*** by defendant. Similarly, although plaintiffs advised the Tenth Circuit during the interlocutory appeal that the class action was for declaratory and injunctive relief, defendants provide no conclusive evidence that plaintiffs forever waived any future claim for monetary damages related to defendant's conduct during the approaching winter of 2010-2011. The limited record submitted by defendant does not establish that plaintiffs waived their right to pursue monetary damages for future conduct.[2]

The more troubling aspect of plaintiffs' motion concerns its timeliness. This case was filed in August 2007 and plaintiffs offer no explanation for waiting until July 2010 to request

---

[2] This ruling is without prejudice to a more developed dispositive motion concerning judicial estoppel.

-3-

monetary damages because "the weather will turn cold." Equally troubling is the contingent nature of plaintiffs' request to amend. Plaintiffs argue (1) they are uncertain whether they will have house gas this winter and (2) "it may be that the damage claim will remain prospective only and never be certified as a class and never be pursued by any individual class member, *but that remains to be seen.*" Reply, Doc. 79, p. 3. Plaintiffs argue in the alternative that they "are content with having this prospective damage claim remain prospective–but not waived–in the event the parties cannot voluntarily work out methods of insuring that adequate heat will be available this upcoming winter." Id. The court rejects plaintiffs' request to amend their complaint based on "events" that may or may not happen in the future. Accordingly, plaintiffs' request to add a monetary damage claim for alternative energy costs is denied.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend their complaint **(Doc. 76)** is **GRANTED IN PART,** consistent with the rulings expressed herein. Plaintiffs shall file a revised amended complaint consistent with this order by **October 22, 2010.**

Dated at Wichita, Kansas this 14th day of October 2010.

                                                        S/ Karen M. Humphreys
                                                       _____
                                                       KAREN M. HUMPHREYS
                                                     United States Magistrate Judge

---

[3] This ruling is without prejudice to a future motion to amend if events giving rise to a monetary claim actually occur.