IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, HOWARD
PICKENS, AND RON OLIVER, INDIVIDUALLY,
AND AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

    Plaintiffs,

    vs.        Case No. 07-1258-JTM

OXY USA, INC.,

    Defendant.

MEMORANDUM AND ORDER

On September 29, 2011, this court granted the plaintiffs' Motion for Summary Judgment and entered judgment in plaintiffs' favor. *See* Dkt. Nos. 110 and 111. Thereafter, OXY USA, Inc. filed the present Motion to Alter or Amend Judgment (Dkt. No. 116) arguing that this court improperly granted summary judgment to the plaintiffs after determining that the free gas clauses at issue were ambiguous. OXY contends such a decision constitutes clear error and that the court must vacate its previous Order and Judgment. Further, OXY moves the court to allow the parties to discover extrinsic evidence regarding the contracting parties' intentions concerning "what quality of gas plaintiffs are entitled to receive." Dkt. No. 117, at 8.

Under Kansas law, the court must ascertain the contracting parties' intent by examining the entire leases, rather than analyzing a single provision or term in isolation. The court must deny summary judgment if the leases are ambiguous. Because the court granted summary judgment after

holding that the free gas clauses "are ambiguous as to what quality of gas plaintiffs are entitled to receive," without providing OXY an opportunity to discover extrinsic evidence, it must grant OXY's Motion. Accordingly, the court vacates its previous Memorandum and Order and Judgment (Dkt. Nos. 110 and 111). The parties shall have until October 12, 2012, to discover any extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases. Thereafter, the parties may resubmit motions for summary judgment by November 9, 2012. If the court finds that the extrinsic evidence does not alter its previous conclusion, or that no extrinsic evidence exists, it will reinstate its initial finding as provided in Dkt. No. 110.

## I. Legal Standard: Rule 59(e) Motion to Alter or Amend Judgment

A motion to alter or amend is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

**II. Discussion**

OXY contends this court must grant its Rule 59(e) motion to correct clear error. It assigns two separate errors to this court's previous Memorandum and Order and Judgment: (1) that Kansas rules of contract construction require that the trier of fact resolve any ambiguity by looking at extrinsic evidence before granting summary judgment; and (2) that granting summary judgment under Rule 56 was inappropriate given the finding of ambiguity. OXY also requests that the court direct the parties to discover extrinsic evidence of the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive. In response, the plaintiffs contend that this court properly followed the Kansas Supreme Court's decisions in *Jackson v. Farmer*, 594 P.2d 177 (1979) and *Richardson v. Nw. Cent. Pipeline Corp.*, 740 P.2d 1083 (1987) and that the court should deny OXY's Motion.

In its previous Memorandum and Order this court granted the plaintiffs' Motion for Summary Judgment. First, the court reviewed the terms "gas free of charge" and "gas free of cost" in the leases and determined that those terms "are ambiguous as to what quality of gas plaintiffs are entitled to receive." Dkt. No. 110, at 14. Although the court found ambiguity in the leases' terms, it proceeded to analyze the leases by considering all their provisions and the object sought to be attained by the leases. The court stated that the words "'free of charge' and 'free of cost' cannot be viewed in isolation but must be read in conjunction with other language in the lease, specifically, the free gas clause at issue." *Id.* at 15. The court pointed to other language in the leases providing that the gas was "for stoves and inside lights in the principal dwelling house" and "for stoves and inside lights." *Id.* The court found that this language contemplated that "gas free of charge" and "gas free of cost" meant useable gas because "unuseable gas would not be suitable for those purposes."

3

*Id.* Second, the court found that the language "the use of such gas to be at the lessor's sole risk and expense," which came after the "for stoves and inside lights" language, applied to the plaintiffs only after OXY had provided useable gas. *Id.* at 16. The court stated that interpretation of the leases in this manner gave the most meaning to all the language in the leases and was the most reasonable interpretation possible. *Id.* at 16-17. The court concluded:

> In sum, the express language of the leases, although ambiguous, is not silent on whether defendant must provide free, useable gas to plaintiffs. The language of the free gas clause, when analyzed as a whole, requires defendant to provide plaintiffs with free, useable gas pursuant to the free gas clauses contained in the leases. Such an interpretation gives effect to all the terms in the clause and provides a reasonable interpretation to the provision at issue. . . . Last, this court also recognizes that this conclusion is furthered by interpreting the lease in the lessors' favor and to construe any ambiguities in favor of the lessor.

*Id.* at 21.

OXY's main assignment of error is that this court improperly granted summary judgment to the plaintiffs after determining that the leases were ambiguous and without giving the parties time to discover extrinsic evidence surrounding the contracting parties' intent.

If a contract is unambiguous, it should be enforced as a matter of law. *Vanum Constr. Co. v. Magnum Block, L.L.C.*, 45 Kan. App.2d 54, 59, 245 P.3d 1069, 1073 (2010) (quoting *Johnson County Bank v. Ross*, 28 Kan. App.2d 8, 10, 13 P.3d 351, 353 (2000)). "[L]anguage in a contract is ambiguous when the words used to express the meaning and intention of the parties are insufficient in the sense that the contract may be understood to reach two or more possible meanings." *Richardson v. Nw. Cent. Pipeline Corp.*, 241 Kan. 752, 758, 740 P.2d 1083, 1087 (1987). But "'[o]nce it is determined that a contract is ambiguous and that its construction depends on extrinsic circumstances, interpretation of the contract becomes a question of fact.'" *Slawson Exploration Co., Inc. v. Vintage Petroleum, Inc.*, 78 F.3d 1479, 1482 (10th Cir. 1996) (applying Kansas law) (quoting

*City of Farmington v. Amoco Gas Co.*, 777 F.2d 554, 560 (10th Cir. 1985)).

Here, the court explicitly found that the terms of the leases were ambiguous concerning what quality of gas the plaintiffs were to receive. Dkt. No. 110, at 14 ("Depending on how the leases are interpreted, they could require the lessee to provide plaintiffs with free gas in useable form. On the other hand, the leases could be interpreted to mean that defendant must provide plaintiffs free gas as it emerges from the well, regardless of its quality."). But rather than denying summary judgment, the court analyzed all the provisions in the leases and concluded that only one reasonable interpretation was possible—that OXY is bound to provide free useable gas to the plaintiffs under the leases. Because the court found the leases were ambiguous, it should have denied summary judgment. *See, e.g.*, *Building Erection Servs. Co. v. Am. Buildings Co.*, No. 09-2104, 2010 WL 2667201, at *7 (D. Kan. June 29, 2010) ("Based on the record and the facts presented, the court finds that the contract is ambiguous, and thus, summary judgment on this issue is inappropriate."); *Audiotext Comms. Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395, 1995 WL 36543, at *5 (D. Kan. Jan. 9, 1995) (same).

That is not to say summary judgment may not be appropriate in this case. However, summary judgment is appropriate to resolve an ambiguous contract only when extrinsic evidence supports only one conclusion or if no extrinsic evidence exists. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-1468, 2008 WL 3850695, at *3 (D. Kan. Aug. 15, 2008). The parties have not submitted extrinsic evidence surrounding the contracting parties' intentions.[1] Accordingly, the court will allow the parties to discover extrinsic evidence surrounding the intentions of the contracting parties before the court determines whether summary judgment is appropriate. If

---

[1] At summary judgment, both parties argued that the leases were unambiguous as to the meaning of the free gas clauses.

5

extrinsic evidence does not resolve the ambiguity, or if no extrinsic evidence exists, the court will interpret the leases as it did in the previous Memorandum and Order (Dkt. No. 110). *See Slawson*, 78 F.3d at 1482 ("During oral argument, the parties agreed that even if we were to conclude the Assignment, Bill of Sale and Conveyance and the attached exhibits, taken as a whole, are ambiguous, it would not be necessary to remand the case to the district court to determine the intent of the parties at the time of execution, because the record contains all of the relevant extrinsic evidence and the extrinsic evidence is undisputed."); *see also Weiner v. Wilshire Oil Co. of Tex.*, 192 Kan. 490, 500, 389 P.2d 803, 810 (1964) (Schroeder, J. concurring) ("Where, as here, extrinsic evidence is conclusive and undisputed and renders the meaning of an instrument clear, construction of such instrument becomes a question of law for the court.").[2]

IT IS ACCORDINGLY ORDERED this 10th day of September 2012, that OXY USA, Inc.'s Motion to Alter or Amend Judgment (Dkt. No. 116) is granted.

IT IS FURTHER ORDERED that the parties shall have until October 12, 2012, to discover any extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases. Thereafter, the parties may resubmit motions for summary judgment by November 9, 2012. If the court finds that the extrinsic evidence does not alter its previous conclusion, or that no extrinsic evidence exists, it will reinstate its initial finding as provided in Dkt. No. 110.

---

[2] Although this court will allow the parties an opportunity to discover extrinsic evidence, it is doubtful that such evidence exists. Many of the leases were entered 70 years ago and the individual parties to those leases are likely deceased. OXY contends that "if facts demonstrate that rural homeowners who consumed natural gas in the 1930s or 1940s did not use or expect 'useable' gas having the quality and heating value characteristics necessary to operate modern gas furnaces in a safe manner, such evidence would unquestionably 'shed light' on the intentions of the contracting parties." Dkt No. 126, at 13. Yet this evidence would only be helpful if it was evidence concerning the specific homeowners who entered the leases, not "rural homeowners" in general.

6

IT IS FURTHER ORDERED that plaintiffs' pending Motions: Motion for Attorney Fees (Dkt. No. 113); Motion for Order Approving Second Class Notice to be Sent at OXY's Expense (Dkt. No. 114); and Motion for Reconsideration (Dkt. No. 128) are denied as moot. Plaintiffs may refile these Motions at a later date if necessary.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE