IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

           Plaintiffs,

v.                                                Case No. 07-1258-JTM

OXY USA INC.,

           Defendant.

MEMORANDUM AND ORDER

The court has before it the plaintiffs' Motion for Summary Judgment (Dkt. 143). The court grants plaintiffs' Motion for the following reasons.

In its Order dated September 29, 2011 (Dkt. 110), the court granted the plaintiff class summary judgment. The court first determined that the leases providing for "free gas" are ambiguous as to what quality of gas plaintiffs are entitled to receive. But then the court noted that the leases provided that the gas is to be used "for stoves and inside lights in the principal dwelling house." Ultimately, because of this specification or restriction, the court concluded that the free gas provided by OXY must "be of such a nature that it is suitable for domestic use." The court entered judgment on behalf of the plaintiffs. *See* Dkt. 111.

On October 27, 2011, OXY filed its Motion to Alter Judgment (Dkt. 116), arguing that this court improperly granted summary judgment to the plaintiffs after determining that the free gas clauses at issue were ambiguous. The court vacated its

prior Order on September 10, 2012, acknowledging that because it had found the free gas clauses to be ambiguous, the court should have provided OXY an opportunity to discover extrinsic evidence. *See* Dkt. 132. The court's Order granted the parties time to discover "any extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases."[1] As the court noted, "it is doubtful that any such evidence exists. Many of the leases were entered 70 years ago and the individual parties to those leases are likely deceased." Dkt. 132, p. 6 n 2. The court also stated that evidence of rural homeowners' use or expectation of the free gas would only be "helpful if it was evidence concerning the specific homeowners who entered the leases, not 'rural homeowners' in general. *Id.*

The court allowed the parties to resubmit motions for summary judgment, stating that "[i]f the court finds that the extrinsic evidence does not alter its previous conclusion, or that no extrinsic evidence exists, it will reinstate its initial finding as provided in Dkt. No. 110." *Id.* The plaintiffs timely re-filed their Motion for Summary Judgment on January 15, 2013.

Summary judgment is appropriate to resolve an ambiguous contract only when extrinsic evidence supports only one conclusion or if no extrinsic evidence exists. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-1468, 2008 WL 3850695, at *3 (D. Kan. Aug. 15, 2008). The parties have not submitted any extrinsic evidence surrounding

---

[1]*See* Dkt. 132. The court established the deadline for discovery on this issue as October 12, 2012, and established the deadline for resubmitting motions for summary judgment as November 9, 2012. *See* Dkt. 132. Subsequently, the court extended these deadlines to November 30, 2012, and January 15, 2013, respectively. *See* Dkt. 135.

the contracting parties' intentions.[2] There is no extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases. Accordingly, the court reinstates its initial finding as provided in its Order dated September 29, 2011 (Dkt. 110).

IT IS THEREFORE ORDERED this 26th day of March, 2013, that the plaintiffs' Motion for Summary Judgment (Dkt. 143) is granted.

IT IS ALSO ORDERED that OXY's Motion to Decertify Class Action (Dkt. 145) and plaintiff's Motion to Strike (Dkt. 146) are denied as moot.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[2] The court quashed OXY's deposition of absent class member Mr. Charles Odgers. *See* Dkt. 142. The court found that Mr. Odgers's testimony sheds no light on the original intentions of the contracting parties, because Mr. Odgers is not an original lessor to the contract at issue. *Id.*