IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

        Plaintiffs,

v.                                  Case No. 07-1258-JTM

OXY USA INC.,

        Defendants.

MEMORANDUM AND ORDER

The court has before it defendant Oxy USA, Inc.'s Motion for Surreply (Dkt. 175). On April 9, 2013, the plaintiffs filed a Motion for Attorney Fees (Dkt. 160), which Oxy USA responded to on April 23. The plaintiffs filed their reply on May 7. Oxy USA now moves for leave to file a surreply.

The rules of this court do not provide for the filing of surreplies. *See* D. Kan. Rule 7.1. The District of Kansas has a long-standing rule that a party may not file a surreply without first obtaining leave of the court. *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). The court reserves granting leave to file a surreply for rare circumstances, such as "where a movant improperly raises new arguments in a reply. *EEOC v. International Paper Co.*, No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992).

Oxy USA argues that plaintiffs' response brief makes two allegations that they did not make in their motion or supporting memorandum. The first allegedly new

argument by the plaintiffs is that Oxy USA's "bad faith" entitles them to attorney fees. In their memorandum in support of the Motion for Attorney Fees, the plaintiffs stated:

> Under the exercise of equitable powers, a federal court may award attorneys' fees "when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 4-5 (1973). There are three equitable exceptions permitting a court to award attorneys' fees to a successful party: (1) when the opposing party has acted "in bad faith"; (2) when the lawsuit creates a monetary "common fund"; and (3) when the litigation confers "a substantial [common] benefit" on the class. *Id*. at 5-6 & n.7 (citations omitted). The third exception applies in this case.

Dkt. 161, at 8. The plaintiffs' memorandum clearly argued for attorney fees based on the common benefit doctrine. The plaintiffs also argued that attorney fees were appropriate under 28 U.S.C. § 2202, which provides that "[f]urther necessary or proper relief based on a declaratory judgment" may be granted against the adverse party. According to the plaintiffs, this "necessary or proper relief" has been interpreted by other courts to include an award for attorneys' fees. In their memorandum, the plaintiffs argued that the combination of § 2202's "necessary or proper" relief clause and the common benefit doctrine entitled them to attorney fees. The plaintiffs made no argument regarding any "bad faith" by Oxy USA in their motion for attorney fees.

In its response to the motion, Oxy USA argued that § 2202 does not, by itself, support an award of attorney fees. Oxy USA pointed out that awarding attorney fees, even those sought under § 2202, generally requires a finding of subjective bad faith. Specifically, Oxy USA quoted this court's opinion in *Jones v. Cole*, No. 08-1011-JTM, 2011 WL 1375685, at *4 (Apr. 12, 2011), which denied a request for fees under § 2202:

> [T]he standard for an award is no lower than for general civil litigation under the American rule. That is, the scope for any attorney fee award,

2

> even under § 2202 is drawn very narrowly, and may be resorted to only in exceptional cases and for dominating reasons of justice. The stringent standard generally requires a finding by the trial judge of subjective bad faith. The court must enter a finding of bad intent or improper motive by the guilty party before awarding attorneys' fees under this exception. The court does not find in § 2202 any authority for granting attorney fees in the absence of a finding of bad faith or improper motive.

Dkt. 168 at 13 (quoting *Jones*, 2011 WL 1375685, at *4). Despite quoting this rule, Oxy USA did not claim any lack of subjective bad faith on its own part in this case.

In their reply, the plaintiffs argued that Oxy USA's subjective bad faith has been shown here because Oxy USA mailed letters to all house gas users, which initiated this dispute. This argument was necessitated by Oxy USA's own response to the motion, which argued that subjective bad faith was generally a requirement for an attorney fee claim.

Oxy USA claims that it needs an opportunity to respond to the plaintiffs' bad faith allegation. But Oxy USA had the first opportunity to argue against any bad faith on its own part when it introduced the bad faith requirement in its response brief. After quoting this rule, Oxy USA's failure to fully analyze the rule in the context of this case does not entitle it to a second chance.

The court does not find persuasive Oxy USA's claim that the plaintiffs' reply attempts to justify the attorney fees claim on a new basis. The plaintiffs' bad faith allegation was made in response to Oxy USA's argument. Additionally, the bad faith issue was part of the plaintiffs' § 2202 argument, rather than a new equitable exception argument to go along with the plaintiffs' common benefit

3

doctrine argument. In other words, the plaintiffs are not suddenly using Oxy USA's alleged bad faith as a justification for attorney fees; rather, the plaintiffs reply was meant to rebut Oxy USA's argument that attorney fees are generally barred in the absence of bad faith.

The court finds that the plaintiffs did not improperly raise new arguments in its reply. Therefore, no surreply is necessary on this issue. *See International Paper Co.*, 1992 WL 370850, at *10.

The second allegedly new argument by the plaintiffs is that Oxy USA has the ability to spread a fee award among class members. But this argument, much like the previously-discussed argument, was made to rebut a point that Oxy USA had made in its response. Oxy USA had argued that the common benefit doctrine is meant to spread the costs of litigation among the benefited class, so any fees granted should be assessed against the other class members rather than Oxy USA. In their response, the plaintiffs attempt to distinguish the cases cited by Oxy USA in which the court awarded fees from those in which the court did not award fees. To do so, the plaintiffs pointed out that the cases in which fees were awarded involved a continuing relationship between the plaintiff class and the defendant. Likewise, the plaintiffs pointed out that the cases in which fees were not awarded did not involve a continuing relationship. Finally, the plaintiffs argued that this case includes a continuing relationship, analogizing it to those cases in which the court granted an award of fees.

The court finds that the plaintiffs' argument regarding the alleged continuing relationship is not of the type that justifies allowing a surreply. The argument logically succeeded the response brief in a proper attempt to rebut Oxy USA's framing of the issue. That is, in fact, the practical purpose of the reply brief. "The paper exchanges between parties must have an end point and cannot be permitted to become self-perpetuating." *International Paper Co.*, 1992 WL 370850, at *10. To allow a surreply under these circumstances would create a seemingly infinite motions process with quickly diminishing returns.

IT IS THEREFORE ORDERED this 12th day of June, 2013, that Oxy USA's Motion for Surreply (Dkt. 175) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE