IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

Plaintiffs,

v.                                                          Case No. 07-1258-JTM

OXY USA INC.,

Defendant.

MEMORANDUM AND ORDER

The court has before it defendant OXY USA, Inc.'s Motion for Reconsideration (Dkt. 165). In its Motion, OXY asks the court to reconsider its Order Authorizing *In Camera* Submissions of Fee and Expense Declarations (Dkt. 158). After considering the briefs of both parties, the court denies the Motion.

OXY seeks reconsideration of the court's prior Order for two reasons. First, OXY argues that the court clearly erred by not allowing OXY time to respond to the plaintiffs' Motion for *In Camera* Inspection. Second, OXY argues that allowing the plaintiffs to submit their fee and expense records *in camera* will result in manifest injustice by denying OXY the opportunity to review the fee and expense records.

The Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection." *United States v. Zolin*, 491 U.S. 554, 569 (1989) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 404–05 (1976)). "The decision whether to review [documents]

*in camera* is within the sound discretion of the trial court." *In re Grand Jury Subpoenas (Anderson)*, 906 F.2d 1485, 1493 (10th Cir. 1990) (citation omitted).

Pursuant to D. Kan. Rule 7.3, a motion to reconsider a non-dispositive order must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. The court finds that OXY fails to present any of the required bases from Rule 7.3; therefore, the court denies the motion.

The court granted the plaintiffs' Motion for *In Camera* Inspection on the same day it was filed. OXY argues that D. Kan. Rules 6.1 and 7.1 allow 14 days for a response to a non-dispositive motion. But Rule 6.1 clearly prefaces the time allowance with the phrase "Unless the court orders otherwise . . . ." In this case, the court clearly ordered otherwise. Rule 7.1 merely refers to the time allowance provided in Rule 6.1, so the same preface to the rule applies. For this reason, the court's granting the motion before OXY could respond was not clear error.

Regardless, OXY has not shown good cause why its missed opportunity to file a response will result in manifest injustice. This court can sufficiently review the *in camera* submissions for any improprieties. *Link, Inc. v. City of Hays*, 997 P.2d 697, 704 (Kan. 2000) (stating "[t]he trial court itself is an expert in the area of attorneys' fees and can draw on and apply its own knowledge and expertise in evaluating their worth."). This court is capable of evaluating Schell's motion for fees, expenses and an incentive award without an audit by OXY.

In granting Schell's Motion for *In Camera* Inspection, the court found good cause for this method of inspection, because the litigation is ongoing, OXY may appeal the court's judgment against it, Schell's counsel Rex Sharp has other litigation against OXY, and the records at issue reflect confidential information concerning the work product, efforts and resources of Schell's counsel. Nothing in OXY's Motion for Reconsideration negates the court's finding of good cause. Therefore, the court denies the motion.

IT IS THEREFORE ORDERED this 13th  day of June, 2013, that OXY USA's Motion for Reconsideration (Dkt. 165) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE