IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

    Plaintiffs,

v.                Case No. 07-1258-JTM

OXY USA INC.,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on defendant OXY USA, Inc.'s Motion to Alter or Amend Judgment (Dkt. 166). After reviewing the briefs and the evidence presented with them, the court denies in part and grants in part OXY's motion.

**I.  Background**

This case began when the plaintiffs filed their complaint on August 31, 2007. After much litigation, the court awarded summary judgment for the plaintiffs on September 29, 2011. OXY then moved to vacate the order granting summary judgment on the ground that discovery of extrinsic evidence was needed to aid in interpretation of the leases because the court had previously determined the leases at issue were ambiguous. The court granted OXY's motion and reopened the case to allow for discovery of "any extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases." Dkt. 132 at 6. After discovery closed, the court found that the parties had not presented any extrinsic evidence regarding the contracting parties' intentions. Therefore, on March 26, 2013, the court, by granting the plaintiffs' renewed motion for summary judgment, reinstated its

initial order dated September 29, 2011 (Dkt. 110). The court also denied as moot OXY's motion to decertify the class and the plaintiffs' motion to strike.

## II. Legal Standard

A motion to alter or amend is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

## III. Analysis

The court did not commit clear error when it reinstated its previous order granting summary judgment for the plaintiffs. In so doing, the court held that the extrinsic evidence presented by OXY was not relevant to the interpretation of the free gas clause. Under Kansas law, when a contract is ambiguous, evidence of the contracting parties' post-execution conduct is admissible to aid in interpretation of the contract. *Heyen v. Hartnett*, 679 P.2d 1152, 1157 (Kan. 1984). When considering such evidence, the court attempts to put itself in the situation of the parties at the time the contract was formed. *See Cent. Natural Res., Inc. v. Davis Operating Co.*, 201 P.3d 680, 688 (Kan. 2009) (quoting *Davis v. Vermillion*, 249 P.2d 625 (Kan. 1952)). Thus, evidence

of post-execution conduct is only relevant to the extent that it helps the court determine the contracting parties' intentions at the time the contract was formed. *See id*.; *see also* Dkt. 132 at 6, n. 2 (such evidence "would only be helpful if it was evidence concerning the specific homeowners who entered the leases, not 'rural homeowners' in general.").

OXY argues that evidence of maintenance performed by current house gas users and the declaration of David Bushnell support OXY's interpretation of the free gas clause, which is that OXY is not responsible for delivering house gas in useable condition. However, this evidence sheds no light on the intentions of the contracting parties. Although the evidence of maintenance performed by current house gas users may be proof of those users' understanding of the free gas clause, it proves nothing about the contracting parties' intentions. Moreover, the declaration of David Bushnell states only that his experience is that taps used today were put in years ago. Bushnell neither identified any specific leases nor asserted a date on which the taps were installed. Bushnell's vague statement merely speculates that contracting parties may have performed maintenance consistent with OXY's interpretation of the leases. Viewing Bushnell's declaration in the light most favorable to OXY, a reasonable jury could not infer that the contracting parties intended to place on the lessors the burden of rendering the house gas usable. Therefore, the court did not commit clear error when it held that "[t]here is no extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases." Dkt. 155 at 3.

OXY also argues that the court erred when it denied as moot OXY's Motion to Decertify Class Action (Dkt. 145). The court agrees with OXY on this point. Under Fed. R. Civ. P. 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended

before final judgment." Therefore, OXY's motion to decertify the class was not moot at the time it was filed because final judgment had not been entered.

**IV.     Conclusion**

The court finds that it did not commit clear error when it awarded summary judgment to the plaintiffs.  However, the court did err by denying OXY's motion to decertify the class as moot.

IT IS THEREFORE ORDERED this 19th day of June, 2013, that OXY's Motion to Alter or Amend Judgment (Dkt. 166) is denied in part and granted in part. The Motion is denied to the extent that it seeks alteration or amendment of the court's order granting summary judgment for the plaintiffs. The Motion is granted to the extent that it seeks alteration or amendment of the court's order (Dkt. 155) denying as moot OXY's Motion to Decertify Class Action (Dkt. 145). The Motion (Dkt. 145) is hereby reinstated. The plaintiffs' response shall be due 14 days after the date of this order, and OXY's reply shall be due 14 days after service of the response. After the Motion has been fully briefed, the court will issue an order granting or denying, on the merits, OXY's motion to decertify.

IT IS ALSO ORDERED that the court's order (Dkt. 155) denying as moot the plaintiffs' Motion to Strike (Dkt. 146) is vacated. This Motion has already been fully briefed by the parties and the court shall take it under consideration.

/s  J. Thomas Marten
J. Thomas Marten, Judge