IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

          Plaintiffs,

v.                                                     Case No. 07-1258-JTM

OXY USA INC.,

          Defendants.

MEMORANDUM AND ORDER

On March 26, 2013, the court granted summary judgment to the plaintiffs in this case. *See* Dkt. 155. However, the court must decide whether to enter judgment on behalf of the plaintiff class or merely on behalf of the individual plaintiffs. The court has before it defendant OXY USA Inc.'s Motion to Decertify Class Action (Dkt. 145) and the plaintiff class's Motion to Strike OXY's Motion (Dkt. 146). Additionally, plaintiffs seek permission for leave to file a surreply to OXY's Motion. *See* Dkt. 186. The court is prepared to rule. Prior orders have already sufficiently set out the relevant background in this case.

**I. Motion to Strike**

The plaintiffs seek an order striking OXY's Motion to Decertify, arguing that OXY's motion is beyond the limited scope the court has set for permissible litigation. The court denies the motion to strike as improper. The plaintiffs misinterpret this court's authority to strike under the Federal Rules of Civil Procedure. They properly

quote Rule 12(f) as permitting the court to strike a *pleading* to remove redundant or immaterial clutter from the case, but they have not asked the court to strike a pleading at all. Rather, the plaintiffs seek an order striking a *motion*. Under Rule 7(a), motions are not included in the definition of a pleading, so Rule 12(f) provides no basis for the court to strike a motion. *See Schmitt v. Beverly Health and Rehabilitation Servs, Inc.*, 96-2537-EEO, 1997 WL 728133, at *1 (D. Kan. Nov. 19, 1997). Accordingly, the court denies the motion.

## II. Motion to File Surreply

The plaintiffs have filed a Motion for Leave to File Surreply. In responding to this motion, OXY made its own request to file a brief addressing new authority raised by the plaintiffs in their proposed surreply. OXY did not oppose the plaintiffs' motion to file a surreply, and the plaintiffs have assured the court they will not seek leave to file any further briefs.

The rules of this court do not provide for the filing of surreplies. *See generally* D. Kan. Rule 7.1. The District of Kansas has a long-standing rule that a party may not file a surreply without first obtaining leave of the court. *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). The court reserves leave to file a surreply for rare circumstances, such as when "a movant improperly raises new arguments in a reply . . . ." *EEOC v. International Paper Co.*, No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992).

In arguing that they should be allowed to file a surreply, the plaintiffs note that OXY's reply asserts arguments based on *Roderick v. XTO Energy, Inc.*, No. 12-3176, 2013 WL 3389469 (10th Cir. July 9, 2013), a case that was decided after the plaintiffs filed their

2

response brief on July 1. Similarly, OXY argues that the plaintiffs' proposed surreply asserts arguments based on *Fawcett v. Oil Producers, Inc. of Kansas*, No. 108,666, 2013 WL 3778132 (Kan. Ct. App. July 19, 2013), a case that was decided after OXY filed its reply brief on July 15.

The court accepts both the plaintiffs' surreply and OXY's response to the surreply. The U.S. Court of Appeals for the Tenth Circuit decided a case that is important to the decertification motion before the court, and the opinion's timing was such that OXY was able to use it in its reply brief. The court gives the plaintiffs an opportunity to address this new case law. Likewise, the plaintiffs' proposed surreply bases a substantive argument on a case the Kansas Court of Appeals decided after OXY had filed its reply. This court allows OXY to address this new case as well.

The court finds these circumstances are of the rare type that justify granting both sides leave to file their additional briefs. Accordingly, the court considers the additional briefs in deciding the decertification motion.

**III. Motion to Decertify**

Federal Rule of Civil Procedure 23 sets forth the standards for certifying a class action and requires that all four prerequisites of Rule 23(a) and at least one of the three requirements of Rule 23(b) are satisfied. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1262 (10th Cir. 2004). The trial court has broad discretion in determining whether to certify a class. *Rector v. City & County of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). To grant class certification, the court must conduct a rigorous analysis that may overlap with the merits of the movant's

3

underlying claims. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194, 185 L. Ed. 2d 308 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). The party moving for class certification must clearly satisfy the requirements of Rule 23. *See Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Merely alleging that the prerequisites are met is insufficient to satisfy this burden. *Dukes*, 131 S. Ct. at 2551. The moving party must "affirmatively demonstrate" that the prerequisites for Rule 23 exist "in fact." *Id*. The court should accept the allegations in the complaint as true, although it "need not blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir. 1999).

In their motion to certify the class, the plaintiffs described the proposed class as follows: "All surface owners of Kansas land burdened by oil and gas leases owned or operated by OXY USA, Inc. which contain a free gas clause." This court granted the motion to certify. *See* Dkt. 54. The Tenth Circuit denied OXY permission to appeal.

*A. Rule 23(a) Requirements*

Rule 23(a) requires a party to demonstrate that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). If those requirements are met, the court "must then examine whether the action falls within one of three categories of suits set forth in Rule 23(b)." *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir. 1988). OXY does

4

not challenge the court's previous holding that the class meets the numerosity and typicality requirements.

### 1. Commonality

Rule 23(a)(2) requires some question of law or fact common to the class. To meet this requirement, members of a putative class must "possess the same interest and suffer the same injury." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982). Rule 23 is more than a mere pleading standard. *Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 12-3176, 2013 WL 3389469, at *3 (10th Cir. 2013) (citing *Dukes*, 131 S. Ct. at 2551). Hence, the "party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* (quoting *Dukes*, 131 S. Ct. at 2551).

The burden of proof for establishing that certification is proper lies with the plaintiff class. But for a defendant to succeed on a motion to decertify, which necessarily gets filed after a court has already granted certification, the defendant must logically provide some reason for the court to change its conclusion. Practically speaking, OXY must show that the facts or law have materially changed or developed, which it does not do here. The plaintiffs provided sufficient proof for the court to find commonality before, and OXY does not provide any reason for disturbing that conclusion.

OXY's Motion for Decertification relies heavily upon its own interpretation that the *Dukes* case introduced a heightened commonality inquiry. Considering *Dukes'*

5

standard to be new, OXY essentially repeats its prior arguments regarding certification and provides no relevant new evidence.[1]

In discussing commonality, the *Dukes* court noted that the class's claims "must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. The focus of commonality is not on common questions, but rather, common answers that will drive the resolution of the litigation. *Id.* (citation omitted). For purposes of commonality, "even a single common question will do." *Id.* at 2556 (citation omitted).

OXY's arguments implicitly frame the court's finding of commonality in this case as so marginal under the pre-*Dukes* standard that it is ruled out under the ostensibly new heightened standard. But the court's previous analysis of commonality was short and simple for a reason: commonality was clearly established. *Dukes* does not change this. The members of the class "of all surface owners of Kansas land burdened by oil and gas leases held or operated by OXY USA, Inc. which contain a free gas clause" were at risk of suffering the same injury: the loss of their right to free house gas unless the gas is made useable now and in the future. OXY's common refusal to make the house gas useable causes a common injury to all class members that can be remedied by a common declaration that OXY has the legal duty it rebuffs. *See, e.g.*, *Freebird, Inc. v.*

---

[1] OXY argues that it has provided new evidence in the form of current house gas users' testimony. But the court has already held that OXY's "new" evidence "sheds no light on the intentions of the contracting parties." *See* Dkt. 182 at 3.

*Merit Energy Co.*, 10-1154-KHV, 2012 WL 6085135 at *4 (D. Kan. Dec. 6, 2012). The common answer to this common question drives the resolution of the litigation, just as the Court in *Dukes* required.

There is no evidence that individual differences between class members would impede common resolution. The court has previously rejected OXY's attempt to stratify the class into "current house gas users, former house gas users, and surface owners who have never used house gas." *See* Dkt. 54 at 6. The only relevant difference between the class members is the particular language in each lease. But the court has divided the leases into three different types and determined that all of the leases are ambiguous. *See* Dkt. 110 at 2–3; *see generally Roderick*, 2013 WL 3389469, at *4.

Contrary to OXY's assertion, the court's determination that the leases are ambiguous does not destroy commonality between the plaintiffs. This case is unhampered by the several differences present in *Dukes* and *Roderick* that would make classwide resolution difficult and potentially inconsistent between plaintiffs. There are three free gas clauses at issue, all of which are ambiguous as to the duty to make the gas useable and all of which OXY claims create no duty on its behalf. Importantly, there is no extrinsic evidence that might create factual differences in the agreements the class members entered into with OXY. Given the available relevant evidence (or lack thereof), the court's interpretation as all of the leases will not be inconsistent between individual leases.

Finding no material change in the law or facts since it certified the class, the court holds that commonality is still met.

## 2. Adequacy of Representation

Rule 23(a)(4) requires that the representative party fairly and adequately protect the interests of the class. To satisfy this requirement, the plaintiffs must show that their interests are aligned with those of the persons they seek to represent and that they will vigorously prosecute the case through qualified counsel. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002).

OXY argues that Mr. and Mrs. Schell have a weaker case than other class members who do not have an alternative energy source in their homes. OXY also argues that Mr. and Mrs. Schell have a stronger case than other class members who have undertaken to manage house gas pressure by installing larger diameter lines to their houses or class members who have voluntarily converted their residences entirely to an alternative energy source. These differences, OXY asserts, foreclose Mr. and Mrs. Schell's ability to adequately represent the class.

But OXY does not show how these factual differences bolster or impugn Mr. and Mrs. Schell's claims relative to other class members' claims. As this court has already stated, the relevant evidence for interpreting the leases at issue here is "extrinsic evidence regarding the contracting parties' intentions concerning what quality of gas plaintiffs are entitled to receive under the leases." Mr. and Mrs. Schell are not contracting parties, so their conduct has no bearing on interpreting the leases. Indeed, OXY has provided no relevant extrinsic evidence, as defined by this court. All of these circumstances were known by the parties at the time they briefed the motion for

certification. OXY has provided no new evidence or law on this element, so the court finds that the named plaintiffs still meet the adequacy of representation element.

*B. Rule 23(b)*

In addition to meeting all four of the Rule 23(a) prerequisites, a plaintiff must also meet one of the Rule 23(b) requirements. In its prior order, the court certified this class under Rule 23(b)(3), which requires common questions of law or fact that predominate over any questions affecting only individual members. OXY argues that this class does not meet the Rule 23(b)(3) predominance requirement. But OXY merely piggybacks this argument on its commonality arguments, which this court does not find persuasive. There is no new law or evidence that would alter the court's prior determination: "the only issue to be resolved is simply to determine who has the responsibility of making the gas useable. Because that issue predominates, class certification is proper." *See* Dkt. 54 at 10. The court finds that certification continues to be proper under Rule 23(b)(3).[2]

**IV. Conclusion**

OXY based its motion to decertify on the notion that the U.S. Supreme Court's decision in *Wal-Mart v. Dukes* raised the standard for certifying a class to the point that this class failed that bar. The Tenth Circuit denied OXY's attempt to appeal this court's order certifying the class. In arguing its motion to decertify, OXY has presented no new evidence. Thus, the Tenth Circuit's ruling in *Roderick v. XTO Energy, Inc.* that *Dukes* did

---

[2] OXY only challenges Rule 23(b)(3)'s "predominance" requirement and does not challenge that the class meets the "superiority" requirement.

not change the standard necessitates this court's conclusion that class certification is appropriate. The court denies OXY's motion.

IT IS THEREFORE ORDERED this 10th day of September, 2013, that OXY's Motion to Decertify Class Action (Dkt. 145) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE