IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID AND DONNA SCHELL, AND
RON OLIVER, INDIVIDUALLY, AND
AS REPRESENTATIVE PARTIES ON
BEHALF OF SURFACE OWNERS,

           Plaintiffs,

v.                                                 Case No. 07-1258-JTM

OXY USA INC.,

           Defendants.

MEMORANDUM AND ORDER

The court has before it two motions filed by the plaintiffs: Motion for Approval of Second Class Notice (Dkt. 163) and Unopposed Motion for Approval of Second Class Notice (Dkt. 194). Despite their similar titles, these motions are not mutually exclusive; they are complementary.

The plaintiffs' Motion for Approval of Second Class Notice (Dkt. 163) seeks an order from this court requiring OXY to send notice to the class of the judgment at its own expense. The plaintiffs' Unopposed Motion for Approval of Second Class Notice (Dkt. 194) seeks the court's approval of the form of notice the parties have agreed upon. After reviewing the parties' briefs, the court is prepared to rule.

**I. Background and Granting of the Unopposed Motion**

On March 26, 2013, the court granted summary judgment to the plaintiffs in this contest over who owed the duty to make free gas useable under the

contracts at issue. Dkt. 155. On September 11, 2013, the court held that its judgment applied to the entire plaintiff class, not just the individual plaintiffs. Dkt. 191.

On October 31, 2013, the court denied the plaintiffs' motion for attorneys' fees and nontaxable expenses. *See* Dkt. 192. In the same order, the court postponed ruling on plaintiffs' Motion for Approval of Second Class Notice to allow the parties two weeks to agree on the form of notice to be sent. The parties now agree on the form of notice to be sent, which the plaintiffs attached to their Unopposed Motion for Approval of Second Class Notice. *See* Dkt. 194, Attachment 1. The court approves the agreed upon notice and, therefore, grants the plaintiffs' unopposed motion.

## II. Motion for Approval of Second Class Notice

The plaintiffs seek an order requiring OXY to notify the class of the declaratory judgment entered by the court. They argue that the notice should be sent by mail and publication, as the initial Notice of Pendency of Class Action was sent. Notice should be sent at OXY's expense, the plaintiffs argue, as the court's judgment established OXY's liability to the class. Finally, the plaintiffs argue that notice should be sent as soon as possible.

Although OXY initially disagreed with the plaintiffs' suggested form of notice, the parties have now agreed on the form of notice, which the court approved above. OXY does not dispute the plaintiffs' assertion that it should pay for the second class notice. Rather, OXY disputes that the notice should be sent

now.[1] OXY argues that notice should be delayed until all appeals have run because if any aspect of this court's judgment is reversed, OXY will have to pay for a third notice to correct the second notice. OXY also argues that any delay in sending notice will not prejudice the class because this case has already been pending for over six years and any class members having problems with their receipt of house gas can call class counsel.

The court may issue orders that require giving appropriate notice to some or all of the class members of any step in the action or the proposed extent of the judgment. FED. R. CIV. P. 23(d)(1)(B)(i)–(ii). "[M]any district courts have placed notice costs on the class action defendant once the defendant's liability has been established." *Hunt v. Imperial Merchant Serv's., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 154 (2009).

The court is not persuaded by OXY's weighing of the possible prejudice. OXY is correct that if this court's judgment is reversed, another notice would be necessary. However, OXY understates the prejudice to the plaintiff class by its proposed delay in notice. The judgment clarifies the lessors' legal rights under the free gas clause in their leases. Without this knowledge, those who are unaware of this right may incur unnecessary expenses by converting to alternative energy sources. The class members need to know that OXY cannot place this burden on them under the contract.

---

[1] In its response to the motion, OXY argued that notice should not be sent until the court resolved its pending motion to alter or amend and the plaintiffs' motion for attorneys' fees and nontaxable expenses. The court has now ruled on those motions, so OXY's concerns regarding the motions are moot.

Some contingencies are more certain than others. The probability that this court might be reversed on appeal cannot be calculated; suffice it to say this outcome is uncertain. To give some context to the potential harm to OXY, the court notes that the last class notice cost just under $5,500, and OXY is a company with $7.1 billion in reported oil and gas revenue last year.

The result of postponing notice is more certain: although some class members may find out about their rights, many will not. The court can only speculate how many members of the class might convert to an alternative energy source before the appellate process is complete; this outcome is also uncertain.

In weighing the aforementioned uncertain contingencies, the court recognizes that the proportional prejudice to each individual who converts to another energy source would greatly outweigh the total costs of sending additional notice that OXY might face if the court's judgment is reversed. The court finds that the members of the class need to know their legal rights now. The plaintiffs' motion is granted.

IT IS THEREFORE ORDERED this 25th day of November, 2013, that the plaintiffs' Motion for Approval of Second Class Notice (Dkt. 163) and Unopposed Motion for Approval of Second Class Notice (Dkt. 194) are granted.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE